# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SPENCER E. JOHNSON, SR., | : | CIVIL ACTION NO. |
| Fulton Cnty. ID # 1523215, | : | 1:17-CV-02758-WSD-JSA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMANDA GRANTHAM, | : | PRISONER CIVIL ACTION |
| Senior Attorney, Public Defender's Office, | : | 42 U.S.C. § 1983 |
| SARINA WOODS, Supervising Attorney, | : | |
| GA. PUBLIC DEFENDER COUNCIL, | : | |
|     Defendants. | : | |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee, has received leave to proceed *in forma pauperis* in this civil action, which is now ready for an initial screening.

## I.    **The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Discussion

Plaintiff has filed an amended complaint, in which he sues his appointed public defender, Amanda Grantham; her supervisor, Sarina Woods; and the Georgia Public Defender Council ("GPDC"). (Doc. 7 at 3). He alleges that his public defender has handled his criminal case poorly, causing him to be "locked up 16 months" and unable

2

to support his three children. (*Id.* at 5). He complains generally that Griffith has not paid sufficient attention to his case, and specifically that she has not obtained documents and evidence relevant to his case, has not filed a motion for a speedy trial and has not sought a reduction in his bond amount. (*Id.* at 6-7, 11-12). He seeks declaratory and injunctive relief and compensatory and punitive damages. (*Id.* at 4, 14).

### A. Public Defenders May Not Be Sued Under § 1983

But Plaintiff may not sue a public defender in a § 1983 action based on the quality of the defender's legal representation. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (ordering the dismissal of respondent's § 1983 complaint against his public defender); *see Dorsey v. Mard*, 13-14875-F, 2014 U.S. App. LEXIS 24939, at *2 (11th Cir. June 3, 2014) ("A defense attorney, whether court-appointed or privately retained, represents only his client, not the state, and cannot be sued under § 1983." (citing *Dodson*)); *Burns v. Jorandby*, 332 Fed. Appx. 602, 603 (11th Cir. 2009) (citing *Dodson* and affirming dismissal of complaint against plaintiff's former public defenders because "taking the allegations in [plaintiff's]

3

complaint as true, neither defendant was acting under color of state law, and neither may be sued under section 1983").

This same reasoning applies to an attorney supervising a public defender, who also may not be sued under § 1983. And, in addition, Plaintiff may not sue the GPDC because it is a state agency protected by Eleventh Amendment immunity from suit in federal court and because it is not a person and therefore is not subject to suit under § 1983. *See McGuire v. Fla. Lottery*, 520 Fed. Appx. 850, 851 (11th Cir. 2013) (" 'Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity.' A[nd a] suit against a state agency is no different than a suit against the state itself, . . . [which is not a] "person[]" under § 1983.' " (citation omitted) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989))); *see also Bens v. Glynn County Superior Court*, CV211-170, 2011 U.S. Dist. LEXIS 151192, at *4-5 (S.D. Ga. Dec. 12, 2011) (recommending dismissal of claims "against the Glynn County Public Defender Office [as] essentially ineffective assistance of counsel claims"), *adopted by* 2012 U.S. Dist. LEXIS 3213 (S.D. Ga. Jan. 10, 2012).

**B.   There Is No Indication That Plaintiff Has Exhausted His Potential**

### Speedy-Trial and Bail-Reduction Claims

And to the extent that Plaintiff seeks this Court's interference in his ongoing state court proceedings, he has not plausibly alleged an extraordinary circumstance to justify that relief. *See Younger v. Harris*, 401 U.S. 37 (1971). Although Plaintiff indicates that he seeks to enforce his right to a speedy trial under the Sixth Amendment and his right to reasonable bail under the Eighth Amendment, there is no indication that he has exhausted his state court remedies with respect to these claims; therefore, the Court does not construe his complaint as stating claims for release on bail or for a speedy trial.

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no exceptional circumstances exist. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, *and only after the petitioner has exhausted state-court remedies*.

*Olsson v. Curran*, 328 Fed. Appx. 334, 335 (7th Cir. 2009) (citations and internal quotations omitted) (emphasis added). To obtain relief in this Court, therefore, Plaintiff must file a habeas corpus petition *after* exhausting his available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (discussing exhaustion of available state remedies for constitutional

5

speedy trial claims); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (noting that while "an attempt to dismiss an indictment or otherwise prevent a prosecution . . . . is normally not attainable through federal habeas corpus," a pretrial detainee's attempt to enforce his right to a speedy trial is, "although the requirement of exhaustion of state remedies still must be met"); *Jackson v. Morales*, CV416-321, 2016 U.S. Dist. LEXIS 181385, at *1-2 (S.D. Ga. Dec. 6, 2016) (recommending dismissal of pretrial detainee's federal habeas speedy-trial claim because he "has not alleged, and there is nothing in the record to suggest, that he [sought relief in state court from] the (alleged) pre-trial delay in his state criminal prosecution"; and citing *Perera v. Miller*, 662 S.E.2d 544, 544 (Ga. 2008), to the effect that "criminal defendants can bring speedy trial . . . claims during the course of criminal proceedings"), *adopted by* 2017 U.S. Dist. LEXIS 2328 (S.D. Ga. Jan. 6, 2017).

And to the extent that Plaintiff seeks release on bail, he also must file a federal habeas petition, not a civil rights action. *See Bradley v. Pryor*, 305 F.3d 1287, 1289-90 (11th Cir. 2002) ("The Supreme Court [] considered the potential overlap between § 1983 actions and habeas corpus petitions in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.");

6

*Redford v. Sellers*, 1:16-CV-2083-WSD-JFK, 2017 U.S. Dist. LEXIS 47806, at *9 (N.D. Ga. Jan. 12) ("Federal habeas corpus relief properly is sought before trial — in limited circumstances and *after exhaustion of state remedies* — to enforce rights . . . that cannot adequately be addressed during the regular [federal] review process." (emphasis added)), *adopted by* 2017 U.S. Dist. LEXIS 47433 (N.D. Ga. Mar. 30, 2017); *Hill v. Unknown*, 1:08-CV-3715-TWT, 2008 U.S. Dist. LEXIS 102248, at *7 (N.D. Ga. Dec. 18, 2008) ("any claim regarding the denial of release on bail cannot be raised in a civil rights complaint, but must be raised in a federal habeas corpus petition, after exhaustion of state remedies"). Because there is no indication that Plaintiff has exhausted his state remedies, a prerequisite to filing a federal habeas petition, the Court declines to construe Plaintiff's civil rights complaint as a habeas petition raising denial-of-bail and speedy-trial claims.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's amended complaint (Doc. 7) be **DISMISSED** for failure to state a plausible claim for relief, *see* 28 U.S.C. § 1915A, and that his motion for appointment of counsel (Doc. 3) be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

AO 72A
(Rev.8/82)

**SO RECOMMENDED** this 28th day of August, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)