# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SPENCER JOHNSON SR., Inmate 1523215 <br><br> Plaintiff, <br><br> v. <br><br> AMANDA GRANTHAM, Senior Attorney, Public Defender's Office, SARINA WOODS, Supervising Attorney, GA. PUBLIC DEFENDER COUNCIL, <br><br> Defendants. | 1:17-cv-2758-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [9] ("Final R&R") recommending that this action be dismissed for failure to state a claim under 28 U.S.C. § 1915A.  Also before the Court are Plaintiff's Motions to Appoint Counsel [3, 11] and Plaintiff's Motion for Leave to File a Second Amended Complaint [12].

## I. BACKGROUND

On July 28, 2017, Plaintiff filed his First Amended Complaint [7] ("Am. Compl."),[1] asserting various constitutional claims, including claims for ineffective assistance of counsel against his appointed public defender, Amanda Grantham, her supervisor, Sarina Woods, and the Georgia Public Defender Council ("GPDC").

On August 28, 2017, the Magistrate Judge screened Plaintiff's Complaint and issued his Final R&R, recommending that the action be dismissed under 28 U.S.C. § 1915A. No objections to the Final R&R were filed. On September 13, 2017, Plaintiff moved for a second time to appoint counsel [11] ("Second Motion to Appoint") and for leave to file a second amended complaint[2] [12] ("Motion to Amend").

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner

---

[1] Plaintiff filed his initial Complaint on July 20, 2017. Plaintiff's First Amended Complaint was properly filed under Fed R. Civ. P. 15(1)(A) permitting a party to amend its pleading "once as a matter of course" within 21 days after serving it. On July 20, 2017, Plaintiff also moved to appoint counsel [3] ("First Motion to Appoint").
[2] Plaintiff filed his Second Amended Complaint with his Motion to Amend.

seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  <u>Magistrate Judge's Report and Recommendation</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984). Plaintiff did not file objections to the Final R&R, and the Court thus reviews it for plain error.

## III. DISCUSSION

A.  <u>Plaintiff's § 1983 Claims</u>

Plaintiff asserts § 1983 claims against Defendant Amanda Grantham ("Grantham"), his appointed public defender, based on her alleged ineffective representation of him in his state criminal case. (Am. Compl. at 5-7). Plaintiff asserts Grantham failed to obtain necessary and relevant evidence, did not file a motion for a speedy trial, and did not seek a bond reduction hearing. (<u>Id.</u>).

Plaintiff also appears to seek to hold Grantham's supervisor, Defendant Sarina Woods, and the GPDC responsible for failing to take action as a result of Grantham's alleged ineffective assistance of counsel. (Am. Compl. at 9, 11).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). The U.S. Supreme Court has held that "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." Vermont v. Brillon, 556 U.S. 81, 91 (2009). See also Polk Cnty. V. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Burns v. Jorandby, 332 Fed. App'x 602, 603 (11th Cir. 2009) (holding that public defenders could not be sued under § 1983 because they were not "acting under color of state law"). The Magistrate Judge found that Plaintiff could not sue Defendants Amanda Grantham or Sarina Woods because, as Plaintiff's counsel and supervising counsel, respectively, they did not act under color of state law in representing Plaintiff. ([9] at 3-4). The Magistrate Judge also found that Plaintiff could not sue GPDC because "it is a state agency protected by the Eleventh

5

Amendment immunity from suit in federal court and because it is not a person and therefore not subject to suit under § 1983." ([9] at 4). The Court finds no plain error in these findings.

The Magistrate Judge further addressed Plaintiff's apparent claims to enforce his rights to a speedy trial and reasonable bail. The Magistrate Judge found, however, that Plaintiff needed to first exhaust his state court remedies before he could assert these claims as a habeas corpus action. See, e.g, <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489-90 (1973); <u>Cargile v. Secretary, Dep't of Corrs.</u>, 349 fed. App'x. 505, 507 (11th Cir. 2009) ("Generally, a habeas petitioner cannot raise a claim in federal court if he did not first exhaust the claim in state court."); <u>Bradley v. Pryor</u>, 305 F.3d 1287, 1289-90 (11th Cir. 2002). The Court finds no plain error in the Magistrate Judge's findings.[3]

B. <u>Plaintiff's Motion for Leave to File a Second Amended Complaint</u>

On September 13, 2017, following the Magistrate Judge's Final R&R, Plaintiff filed his Motion for Leave to File a Second Amended Complaint [12] ("Motion to Amend") and Second Amended Complaint [13] ("Second Compl.") alleging facts essentially identical to those alleged in his First Amended

---

[3] Plaintiff's First Motion to Appoint and Second Motion to Appoint are denied as moot.

Complaint, but adding a specific state law claim against Defendant Woods intentional infliction of emotional distress . (Second Compl. at 10).

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint, as a matter of course, if the amended complaint is filed within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1). Amended complaints may be filed outside of these time limits only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

In Georgia, a claim of intentional infliction of emotional distress must show the following elements: "(1) the conduct must be intentional or reckless; (2) the

conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress must be severe." Standard v. Falstad, 779 S.E.2d 682, 686 (Ga. Ct. App. 2015) (quoting Undoinyion v. Re/Max of Atlanta, 657 S.E.2d 644 (Ga. Ct. App. 2008)). To qualify as sufficiently "extreme and outrageous," the conduct at issue "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. (internal quotation marks omitted). In the absence of any "physical impact" to his person, a plaintiff seeking to recover for emotional distress must also show that the conduct in question was directed at him. Jones v. Fayette Family Dental Care, Inc., 718 S.E.2d 88, 90 (Ga. Ct. App. 2011) (citing, among others, Ryckeley v. Callaway, 412 S.E.2d 826 (Ga. 1992)).

Here, Plaintiff fails to allege any facts showing that Woods' actions were "extreme and outrageous." Plaintiff alleges only that he suffered "anxiety" as a result of Woods' "fail[ure] to act on information indicating that unconstitutional acts were occurring." The facts do not support Plaintiff's claim that Woods' actions amounted to "extreme" or "outrageous." (Second Compl. at 10). The Court cannot construe Woods' actions as "so terrifying or insulting as naturally to humiliate, embarrass or frighten." Johnson v. Douglas County School District,

1:09-cv-1023-BBM-RGV, 2009 WL 10665025, at *12 (N.D. Ga. Nov. 12, 2009) (quoting Sossenko v. Michelin Tire Corp., 324 S.E.2d 593, 594 (Ga. App. 1984). Plaintiff's intentional infliction of emotional distress claim is thus futile. Because the remainder of Plaintiff's Second Amended Complaint contains claims identical to his First Amended Complaint and the Court has already determined those claims fail, the Court denies Plaintiff's Motion to Amend as futile.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [7] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's First and Second Motions to Appoint Counsel [3, 11] are **DENIED AS MOOT** and Plaintiff's Motion for Leave to File an Amended Complaint [12] is **DENIED**.

**SO ORDERED** this 4th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE